IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MATEEM HUDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:22-cv-02804-SHM-tmp |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER DISMISSING THE COMPLAINT WITH PREJUDICE (ECF NO. 1);
DENYING LEAVE TO AMEND;
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH;
NOTIFYING HUDSON OF THE APPELLATE FILING FEE;
NOTIFYING HUDSON OF THE COURT'S STRIKE ASSESSMENT UNDER
28 U.S.C. § 1915(g);
AND CLOSING THE CASE**

On November 17, 2022, Plaintiff Mateem Hudson filed a *pro se* complaint seeking to invoke federal jurisdiction under 28 U.S.C. § 1331 to assert claims against the United States of America (the "USA") under *Bivens v. Six Unknown Fed. Agents*, 403 U.S. 388 (1971) and the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.*. (ECF No. 1.) When Hudson filed the complaint, he was confined at the Trousdale Turner Correctional Center (the "TTCC") in Hartsville, Tennessee. (ECF No. 1-2 at PageID 20.) Hudson remains at the TTCC. (*See* https://foil.app.tn.gov/foil/results.jsp.) On November 28, 2022, Hudson paid the civil filing fee. (ECF No. 6.)

Hudson alleges that his "incarceration was the result of numerous mistakes caused by the policemen carrying out the police and procedures of the [USA]." (ECF No. 1 at PageID 2-3.) Hudson's complaint alleges that the USA: (1) violated Hudson's civil rights under the Fifth and

Fourteenth Amendments of the United States Constitution (the "Civil Rights Claim"); (2) maliciously prosecuted him; (3) falsely imprisoned him; (4) inflicted "mental or emotional distress" (claims (2), (3) and (4) referred to as the "Tort Claims"); and (5) conspired "to injure, oppress, threaten, and intimidate" him (the "Conspiracy Claim"). (*Id*. at PageID 2-4, 5, 9-11 & 13.)

Hudson's complaint sues the USA as the sole Defendant. (*Id*. at PageID 1-2.)

Hudson seeks (1) seven hundred twenty million dollars ($720,000,000.00) in damages; (2) "appointment of [an] interim trustee and/or counsel to aid him"; (3) an order "overturn[ing]" his conviction (the "Conviction Reversal Claim"); and (4) one million eight hundred thousand dollars ($1,800,000.00) a day for wrongful imprisonment. (*Id*. at PageID 1, 4, 12 & 14.)

I.     **LEGAL STANDARD**

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

When assessing whether a complaint states a claim on which relief may be granted, courts apply the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory

allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Although Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

II.  **ANALYSIS**

A. **The Complaint Fails To Comply With Fed. R. Civ. P. 8(a)(2)**

Even construing Hudson's claims in the light most favorable to him, the complaint (ECF No. 1) does not comply with Federal Rule of Civil Procedure 8(a)(2).[1]

---

[1] "A pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

3

A complaint violates Rule 8(a)(2)'s "short and plain statement" requirement when the pleading "is so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandingly on the merits." *Harrell v. Dirs. of Bur. of Narcotics & Dangerous Drugs,* 70 F.R.D. 444, 446 (E.D. Tenn. 1975); *see also Vicom v. Harbridge Merch. Servs., Inc.,* 20 F.3d 771, 775–76 (7th Cir. 1994) (criticizing district court for declining to dismiss amended complaint with prejudice pursuant to Rule 8(a) and noting that "[a] complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation"); *Plymale v. Freeman,* No. 90–2202, 1991 WL 54882, at *1 (6th Cir. Apr. 12, 1991) (district court did not abuse its discretion in dismissing with prejudice "rambling" complaint containing nonsensical claims); *Jennings v. Emry,* 910 F.2d 1434, 1436 (7th Cir. 1990) ("A ... complaint must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is presented and if so what it is. And it must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search of that understanding" (citations omitted)).

Like the plaintiffs' complaints in the above-cited cases, Hudson's complaint (ECF No. 1) is "confusing and distracting." *See Windsor v. A Fed. Exec. Agency*, 614 F. Supp. 1255, 1257 (M.D. Tenn. 1983). For example:

- Hudson's vague and peculiar allegations do not afford a plausible inference that a federal government employee violated Hudson's constitutional rights. (*See*, *e.g.*, ECF No. 1 at PageID 2 (alleging that "the 'Beneficiary' is your 'all caps straw man,' if your name is 'John Doe,' then your strawman's name is 'JOHN DOE.' Your strawman is literally dead, but he is still considered a 'legal person'"; *id*. at PageID 8 ("Jurisdictional time bar of 28 U.S.C. § 2401(b) is not disturbed by complaint amendment correcting parties").

- Hudson purports to summarize (1) the holdings in federal court and state court decisions, (2) the provisions of federal statutes, and (3) the content of legal

4

> texts, rather than allege facts supporting Hudson's legal claims.  (*See*, *e.g.*, *id.* at PageID 1-6 & 8-14; *id.* at PageID 10 ("First, call attention, in general, to the 8th section of the Act of 1872, ch. 255, 17 Stat. at L. 198, viz.: 'That no indictment found and presented by a grand jury in any district, circuit or other court in the United States shall be deemed insufficient … by reason of any defect or imperfection in matter of form only'").

The complaint's allegations are, generally, incomprehensible.  (*See*, *e.g.*, *id.* at PageID 12 ("And since purportedly, we are to be separate from certain forms of government, and the fact we are above the government as its supposed creators in concept, being so-called sovereign other than for necessity, and not under any contract or agreement … then logic dictates that our remedy must be found somewhere else, as it is not to be found in their private corporate so-called courts").)

Hudson has not "presented [his claims] with intelligibility sufficient for a court or opposing party to understand whether a valid claim is presented and if so what it is."  *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990).  Hudson's complaint so lacks a modicum of clarity that it would "requir[e] [this] [C]ourt [and] opposing part[ies] to forever sift through its pages in search of that understanding."  *Id.* (citations omitted).  For this reason alone, Hudson's complaint is subject to dismissal in its entirety for failure to comply with Fed. R. Civ. P. 8(a)(2).

Given Hudson's *pro se* status, the Court will, nevertheless, address his complaint's other deficiencies in the interest of advancing resolution of this case.

### B. Hudson's Claims That Arose More Than One Year Before September 6, 2022 Are Time-Barred

The statute of limitations bars the claims in Hudson's complaint that arose more than one year prior to September 6, 2022.  (*See* ECF No. 1 at PageID 18 (Hudson's signed statement that he "mailed" the complaint on September 6, 2022).)

Hudson is presently serving a twenty-three year sentence for second degree murder and an eight-year sentence for rape.  (*See* https://apps.tn.gov/foil-app/details.jsp (sentence imposed

5

August 20, 2012 for second degree murder committed on December 14, 2008; and sentence imposed January 21, 2015 for rape committed on December 14, 2008).) Hudson's complaint is silent about the dates on which the USA allegedly violated Hudson's constitutional rights or acted tortiously. The dates that Hudson does identify are more than one (1) year before he filed his complaint. (*See*, *e.g.*, ECF No. 1 at PageID 2 (alleging that Carmond Taylor "made statements to the police on December 15, 2008" about Hudson); *id*. at PageID 6 (alleging that the Tennessee Bureau of Investigation conducted "exculpatory … examinations" about Hudson on December 17, 2008, and April 1, 2009); *id*. at PageID 7 (alleging that "law enforcement … prepared [an] Affidavit Of Complaint" about Hudson on December 14, 2008).)

The limitations period for § 1983 actions arising in Tennessee is the one-year limitations provision in Tenn. Code Ann. § 28-3-104(a)(1)(B). *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). In Tennessee, civil actions for compensatory damages or injunctive relief brought under the federal civil rights statutes must be commenced within one year of the accrual of the cause of action. *Irick v. Ray,* 628 F.3d 787, 798 (6th Cir. 2010) (citation omitted). "[T]he accrual date of a § 1983 claim is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (emphasis in original). "Under federal law, the limitations period begins to run when a plaintiff knew or should have known of the injury that forms the basis of the claim." *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007). The discovery rule provides that "the statute of limitations commences to run when the injury occurs or is discovered, or *when in in the exercise of reasonable care and diligence, it should have been discovered.*" *Gilmore v. Davis*, 185 F. App'x 476, 481 (6th Cir. 2006) (emphasis in original) (quoting *McCroskey v. Bryant Air Conditioning Co.*, 524 S.W.2d 487, 494 (Tenn. 1975)).

Hudson's factual allegations purportedly encompass a long period of time, dating back at least to 2008. (*See*, *e.g.*, ECF No. 1 at PageID 7.) The Court is not at liberty to speculate about claim accrual dates for statute of limitations purposes. To the extent Hudson's claims arose more than one year before September 6, 2022 -- *i.e.*, the date he signed and mailed his complaint (ECF No. 1 at PageID 18) -- those claims are barred by the statute of limitations and are DISMISSED WITH PREJUDICE.

### C. The Conviction Reversal Claim Seeks Relief That Is Available Only In A Habeas Case

Hudson seeks "to overturn this unlawfully conviction [sic] in favor of [P]etitioner." (ECF No. 1 at PageID 1.) The Conviction Reversal Claim seeks relief that is available only through a habeas petition, not under § 1983 or *Bivens*.

For a state prisoner who challenges "the very fact or duration of his physical imprisonment and [who] seeks ... immediate release or a speedier release from that imprisonment, [the] sole federal remedy is a writ of habeas corpus." *Hadley v. Werner*, 753 F.2d 514, 516 (6th Cir. 1985) (quoting *Preiser v. Rodriguez*, 411 U.S. 474, 500 (1973)). *See also Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995).

Because Hudson has been convicted (*see* https://foil.app.tn.gov/foil/results.jsp), his claims about his conviction are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). To recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make that determination, or called into question by a federal court's issuance of a writ of habeas corpus. A state prisoner has no cause of action under § 1983 if the claims in that action hinge on factual proof that would call into question the

validity of a state court order directing his confinement unless and until any prosecution is terminated in his favor, his conviction is set aside, or the confinement is declared illegal. *Heck*, 512 U.S. at 481-82.

*Heck* bars Hudson's Conviction Reversal Claim arising from Hudson's criminal conviction and incarceration. The Conviction Reversal Claim is DISMISSED WITH PREJUDICE.

### D. The Civil Rights Claim

#### 1. Jurisdiction

Twenty-eight U.S.C. § 1331 provides that federal District Courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "[T]he mere invocation of § 1331, without more, is meaningless and does not in itself confer federal question jurisdiction." *National Ass'n for the Advancement of Colored People–Special Contribution Fund v. Jones,* 732 F. Supp. 791, 793 n. 6 (N.D. Ohio 1990). Section 1331 requires that complaints allege valid claims under the United States Constitution or some federal law providing for a federal right of action. The Civil Rights Claim alleges that the USA deprived Hudson of his federal constitutional rights. (*See* ECF No. 1 at PageID 2-3, 5, 9-11 & 13.) The Civil Rights Claim arises under *Bivens*, 403 U.S. 388. The Court has jurisdiction over the Civil Rights Claim.

#### 2. Requirements To State A Claim Under *Bivens*

*Bivens*, 403 U.S. 388, provides a right of action against federal employees who violate an individual's rights under the United States Constitution. "Under the *Bivens* line of cases, the Supreme Court has recognized a cause of action against federal officials for certain constitutional violations when there are no alternative processes to protect the interests of the plaintiff and no

special factors counseling against recognizing the cause of action." *Koubriti v. Convertino*, 593 F.3d 459, 466 (6th Cir. 2010).

### 3. The Civil Rights Claim Fails, As A Matter Of Law, To State A Claim For Relief

To the extent the Civil Rights Claim is not time-barred, it not only violates Fed. R. Civ. P. 8(a)(2) as explained *supra*, but also fails as a matter of law to state a claim for relief.

"'It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.'" *Munaco v. United States*, 522 F.3d 651, 652-53 (6th Cir. 2008) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). The United States government has immunity from suit. *See Mitchell,* 463 U.S. at 212. The USA can be sued only to the extent it has waived its sovereign immunity. *McGinness v. United States*, 90 F.3d 143, 145 (6th Cir. 1996). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (internal citations omitted).

"Plaintiffs cannot bring *Bivens* suits against the United States." *Borkins v. United States*, No. 98-1668, 1999 WL 777538, at *1 (6th Cir. Sept. 16, 1999) (internal citations omitted); *see also Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001). *Bivens* claims against the United States and federal agencies are barred by sovereign immunity. *Franklin v. Henderson,* No. 00–4611, 2000 WL 861697, at *1 (6th Cir. June 20, 2001); *Fagan v. Luttrell,* No. 97–6333, 2000 WL 876775, at *3 (6th Cir. June 22, 2000). A suit under *Bivens* may be brought only against individual federal officers for certain constitutional violations. *See*, *e.g.*, *Korprowski v. Baker*, 822 F.3d 248, 255 (2016) (citing *Malesko*, 534 U.S. at 70); *Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 431 (6th Cir. 2016).

The USA has not waived sovereign immunity to Hudson's Civil Rights Claim under *Bivens* and, therefore, cannot be sued for monetary damages in this action. *See Coe v. United States*, No. 16-3006, 2018 WL 4374219, at *2 (W.D. Tenn. Sept. 13, 2018) (construing prisoner's claims against the USA brought under Section 1983 as *Bivens* claims and dismissing claims due to sovereign immunity) (citing *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991) (stating that a *Bivens* claim cannot be asserted against the United States government or its employees in their official capacities)).

For these reasons, Hudson's Civil Rights Claim under *Bivens* against the USA is DISMISSED WITH PREJUDICE because the USA is not a proper defendant in an action under *Bivens*. *See* 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

### E. The Tort Claims

Hudson alleges that the USA (1) maliciously prosecuted him, (2) falsely imprisoned him, and (3) inflicted "mental or emotional distress." (ECF No. 1 at PageID 2-4, 5, 9-11 & 13.) The Court construes the Tort Claims as claims under the FTCA, 28 U.S.C. §§ 1346(b), 2671 *et seq.*.

The FTCA waives the USA's sovereign immunity and authorizes suits for money damages to be brought against the USA based on some types of negligent acts or omissions by federal employees, and, in some instances, the intentional misconduct of those employees. *See id.* Unlike a *Bivens* action, the defendant in a claim under the FTCA is always the USA. *See id.* "A prerequisite to suit under the FTCA ... is the exhaustion by the plaintiff of administrative remedies." *Lundstrum v. Lyng,* 954 F.2d 1142, 1145 (6th Cir. 1991) (per curiam). The USA has waived its sovereign immunity to suits for tort actions under the FTCA, but only insofar as a

plaintiff has exhausted his administrative remedies. *See* 28 U.S.C. § 2675(a)[2]; *Lundstrum,* 954 F.2d at 1145. The FTCA's exhaustion requirements are met "if the claimant (1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim." *Bey v. Fed. Bureau of Prisons*, No. 07-2424, 2008 WL 4415157, at *2 (W.D. Tenn. Sept. 22, 2008) (citations omitted); *see also Blakely v. United States,* 276 F.3d 853, 865 (6th Cir. 2002) ("In order for a claim to be complete, it must include a claim for damages in a sum certain"). A plaintiff's failure to file an administrative claim with the applicable agency divests a federal court of subject matter jurisdiction over a plaintiff's FTCA claim. *Richardson v. United States,* No. 3:12-0368, 2014 WL 4385913, at *4 (M.D. Tenn. Sept. 5, 2014). That a plaintiff is proceeding *pro se* does not excuse him from the FTCA's administrative exhaustion requirement. *McNeil v. United States*, 508 U.S. 106, 113 (1993). Compliance with tort claims procedures are a requirement for the exercise of subject matter jurisdiction. *See Bey*, 2008 WL 4415157, at *2.

Hudson alleges no facts from which to plausibly infer that he filed an administrative claim with a federal agency seeking a sum certain prior to filing this lawsuit. The Tort Claims are DISMISSED WITH PREJUDICE because Hudson does not allege facts demonstrating that he has satisfied the jurisdictional prerequisite for a claim under the FTCA.

---

[2] "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim." 28 U.S.C. § 2675(a).

11

### F. The Conspiracy Claim

Hudson alleges that the USA conspired to "manufactur[e] inculpatory evidence" and "to injure, oppress, threaten, and intimidate" him. (ECF No. 1 at PageID 4 & 10.) Hudson alleges no facts supporting the Conspiracy Claim.

A plaintiff may plead a conspiracy claim under § 1983, but he must do so with specificity. *Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004). "[V]ague and conclusory allegations that are unsupported by material facts are not sufficient to state a § 1983 claim." *Id.* (citing *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)). The pleading standard for a claim of civil conspiracy is "relatively strict." *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008). "To prevail on such a claim, a plaintiff must show that there is 'an agreement between two or more persons to injure another by unlawful action.'" *Sango v. Place*, No. 16-2095, 2016 WL 9413659, at *2 (6th Cir. Dec. 21, 2016) (quoting *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014)). A plaintiff must show "that (1) a single plan existed, (2) the conspirators shared a conspiratorial objective to deprive the plaintiffs of their constitutional rights, and (3) an overt act was committed in furtherance of the conspiracy that caused the injury." *Id.* (quoting *Robertson*, 753 F.3d at 622).

Hudson's vague and generalized allegation that the USA "conspired" against him (ECF No. 1 at PageID 4 & 10) fails to meet these pleading requisites for a cognizable claim of conspiracy under § 1983. The Conspiracy Claim is DISMISSED WITH PREJUDICE.

### III. AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a District Court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"). *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*,

12

716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court denies leave to amend because doing so would be futile. The USA, which is the sole Defendant sued in Hudson's complaint, is immune to suit on a *Bivens* claim, and Hudson does not allege facts satisfying the jurisdictional requirement for a claim under the FTCA.

## IV.     APPELLATE ISSUES

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), it is CERTIFIED that any appeal in this matter by Hudson would not be taken in good faith. If Hudson chooses to file a notice of appeal, he must either pay the entire five hundred and five dollar ($505.00) appellate filing fee or submit a new *in forma pauperis* affidavit and a current, certified copy of his inmate trust account statement for the last six months, in compliance with 28 U.S.C. §§ 1915(a)-(b).

## V.     NOTICE OF STRIKE RECOMMENDATION

The "three strikes" provision of 28 U.S.C. § 1915(g) prevents a court from granting *in forma pauperis* status to a prisoner who "has, on 3 or more prior occasions, while incarcerated ... brought an action or appeal in a court of the United States that was dismissed on the grounds that

13

it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). For § 1915(g) analysis of Hudson's future filings, if any, the Court recommends that the dismissal of this case be treated as a strike pursuant to § 1915(g). *See Simons v. Washington*, 996 F.3d 350 (6th Cir. 2021).

## VI. CONCLUSION

For the reasons explained above:

A. The complaint (ECF No. 1) is DISMISSED WITH PREJUDICE in its entirety for failure to state a claim to relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2). Hudson's request for appointment of counsel (ECF No. 1 at PageID 4) is DENIED as moot;

B. Leave to amend is DENIED;

C. This case is DISMISSED in its entirety. The Court recommends that the dismissal be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons*, 996 F.3d 350;

D. The Court CERTIFIES that an appeal would not be taken in good faith;

E. The Court DENIES leave to proceed *in forma pauperis* on appeal. If Hudson appeals, he must pay the full $505 appellate filing fee or move for leave to appeal *in forma pauperis* with a supporting affidavit in the Sixth Circuit. Fed. R. App. P. 24(a)(5); and

F. The Clerk is directed to mark this case CLOSED.

IT IS SO ORDERED this 19th day of January, 2023.

        *Samuel H. Mays, Jr.*
        SAMUEL H. MAYS, JR.
        UNITED STATES DISTRICT JUDGE